**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD SMITH,
Petitioner,

v.

MAERSK CONTAINER SERVICE;
NATIONAL UNION FIRE INSURANCE

No. 96-2656

COMPANY; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-2295)

Submitted: July 15, 1997

Decided: September 4, 1997

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P.,
North Charleston, South Carolina, for Petitioner. Stephen E. Darling,
SINKLER & BOYD, P.A., Charleston, South Carolina, for Respon-
dents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Richard Smith injured his shoulder on April 19, 1988, while working as a longshoreman for Respondent, Maersk Container Service ("employer"). At two different points between 1988 and 1991, employer paid temporary total disability benefit payments to Smith. Smith has worked continuously for employer since these payments ceased, but has been diagnosed as having a 30% impairment to his shoulder by his orthopedic surgeon. Smith sought permanent partial disability compensation based on this impairment, but the administrative law judge ("ALJ") denied benefits, based on his finding that Smith has suffered no loss of wage-earning capacity.* Smith concedes that he has worked more hours and earned more money subsequent to his injury, but claims that he could have made even more money if not for his injury. He also asserts that he is at least entitled to a de minimis award because his injury could cause his wages to decline below his pre-injury wages at some point in the future.

The Supreme Court has recently outlined the proper analysis for cases where a longshore claimant, subsequent to a work-related injury, earns appropriate market wages which are, in real terms, greater than his pre-injury wages. The Court found that the Longshore and Harbor Workers' Compensation Act ("Act") authorizes compensation only for economic harm, and not for physical injury as such. See Metropolitan Stevedore Co. v. Rambo, 1997 WL 331799, at *3 (June 19, 1997). Thus, "[d]isability is a measure of earning capacity lost as a result of work-related injury." Id. at *4. Compensation liability is determined based on the reduction in the claimant's earnings as

_____

*The Benefits Review Board ("Board") issued no opinion in this case, but affirmed the ALJ's decision by operation of law when it failed to act on his appeal within one year. See 33 U.S.C.A. § 921 (West 1986 & Supp. 1997).

2

compared to his pre-injury wages. See 33 U.S.C.A. §§ 908(c)(21), 908(h) (West 1986 & Supp. 1997).

The scheme therefore authorizes compensation only for a loss of earning capacity, measured against pre-injury wages. It does not, as the ALJ correctly recognized, authorize compensation merely because a worker's earning potential has been limited due to injury. Thus, Smith is not entitled to compensation merely because he might earn more money if not for his injury.

This does not, however, mean that a finding of disability is precluded where post-injury earnings exceed pre-injury wages. Under section 8(h), the ALJ must consider all relevant factors to determine whether the worker's actual post-injury earnings fairly represent his wage-earning capacity, including the effect of the worker's disability as it extends into the future. 33 U.S.C.A. § 908(h) (West 1986 & Supp. 1997). In some cases, post-injury wages exceed pre-injury earnings because of inflation or because the worker is not receiving appropriate market wages, as in the case of a benevolent employer. In such cases, a worker can still claim disability, and receive an ordinary compensation award, based on the difference between his pre- and post-injury wages.

A worker may also be presently disabled even where he suffers no current loss of wage-earning if there is a "significant possibility" that his injury will cause his wage-earning capacity to drop below his pre-injury wages at some point in the future. See Rambo, 1997 WL at *8. In such cases however, a claimant may receive only a nominal award of benefits, subject to modification if his earning capacity changes later. Id. at *6.

Smith cites no evidence in this case suggesting that his actual earnings do not reflect his real wage-earning capacity. Moreover, the ALJ specifically considered the possibility of a nominal award, but found that Smith presented "no evidence" that his wages were likely to decline in the future. We find that substantial evidence supports the ALJ's determination. See v. Washington Met. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (discussing standard of review). The only evidence Smith relies on to show future loss of capacity is Dr. Brilliant's finding of a 30% impairment, and documents he submitted

3

listing days that he allegedly has not worked due to his injury. Yet it is clear that Smith has lost no income in relation to his pre-injury wages despite these conditions. Moreover, we agree with the ALJ's finding that the documents offered fail to prove that Smith did not work <u>because</u> of his shoulder injury. Smith has, accordingly, failed to establish entitlement to permanent partial disability benefits.

We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4